William Bradford **HUIE**, Plaintiff,

v.

**NATIONAL BROADCASTING COMPANY, Inc.**, Purex Corporation Ltd., Meree Miller, Robert Alan Aurthur, John Frankenheimer and Alex March, Defendants.

United States District Court
S. D. New York.
March 25, 1960.

Satterlee, Warfield & Stephens, New York City, for plaintiff.

Coudert Brothers, New York City, for defendants.

DIMOCK, District Judge.

Plaintiff moves for a preliminary injunction against the presentation the day after tomorrow night of a television show entitled "The American". Plaintiff claims that that presentation would constitute an infringement of his copyright on a story entitled "The Hero of Iwo Jima" published by him in a volume entitled "Wolf Whistle" in 1959.

Each of these productions has for its central character Ira Hamilton Hayes, a Pima Indian who was one of the marines photographed by the press photographer Joe Rosenthal in his celebrated picture of the raising of the flag on Mt. Suribachi. The photograph was a staged photograph but was used in a Government bond drive as a picture of action in actual combat and three of the soldiers shown in the picture were acclaimed as heroes throughout the country. One of these three was Ira Hayes. Each production deals with the tragedy involved in his identification with an heroic episode in which he had no part and his deterioration to an ultimate drunkard's death. The individual defendant read plaintiff's story and says that, after considering its use as a basis for a television script, he abandoned the idea. Thereafter he submitted to the National Broadcasting Company a television script dealing with the life of Ira Hayes. In November 1959 it became known that the National Broadcasting Company was working on the presentation of defendant Miller's script. When plaintiff learned of this he notified defendants of his claims to rights based on copyright of his story. Thereafter the TV script was worked over by defendants or some of them until the present final script was arrived at.

On the argument of this motion there has been submitted the penultimate script and the changes made between that and the final indicate the elimination of a number of verbal similarities between the plaintiff's story and the TV script. I conclude from this that the TV script has been prepared with great care to avoid infringement of plaintiff's copyright. Naturally, the questions presented after work of this sort, presumably under the advice of extremely competent counsel, are of great difficulty.

The similarity of the two works is obvious. Defendants meet this stubborn fact head on with the statement that what was taken from plaintiff's story was little more than the historical facts of a man's life. Plaintiff counters with a demonstration that several of the episodes which appear in both works are the products of his imagination and thus may not be classed as historical facts. Defendants' reply to this is that plaintiff represented his story to be a true story and that he is estopped to say that the episodes are not historical.

Defendants are correct in this position. Plaintiff attempts to differentiate between truth and dramatic devices but the word he used was "true". Defendants are on sound legal ground in their position that he is estopped to say that the episodes should be treated as fictitious. Davies v. Bowes, D.C.S.D.N.Y., 209 F. 53, affirmed 2 Cir., 219 F. 178.

The determination that these episodes must be treated as history does not decide the case, however. It does not mean that in deciding whether the TV script infringes the copyright on the story it is necessary to eliminate entirely the similarity of these pseudo-historical episodes. For example, if an historian had published a history of the negotiations between the Soviet Union and the United States with respect to nuclear explosions and copyrighted it, it would be an infringement of the copyright for another historian to publish a history re-written from the first historian's book without any independent research. The stock example is the city directory which publishes nothing but facts but which cannot be copied without infringing its copyright. The second historian or second directory publisher cannot bodily appropriate the research of his predecessor.

Defendant Miller's failure to discover that the fictional episodes were not really history is, of course, a demonstration of the fact that no independent research was made in those instances.

 The proof of appropriation of plaintiff's research in this case, however, is not strong enough by itself to warrant a preliminary injunction. The case cannot be fitted into my example of one history book with all of the facts copied from another. The determining question must be, therefore, whether defendant Miller has appropriated plaintiff's literary treatment of "historical" facts.

We can put aside the question of slavish copying because there is no suggestion of it here. The question remains whether plaintiff's literary treatment of the Indian's life was of such originality that we must say that defendants' treatment of the same subject was inspired by it. There is uncontradicted evidence that defendant Miller was considering the use of the life of Ira Hayes before he ever saw plaintiff's book. Even if we eliminate the fictitious episodes created by plaintiff to forward the presentation of his theme, it is hard to see how anyone of any literary ability who proposed to do a piece on the life of Ira Hayes would strike a different note from that struck by plaintiff. Each of the contending authors seems to have made use of all of the data with respect to the life of Ira Hayes and, once that data was in hand, the theme followed by each of the authors was almost inevitable. True, defendant Miller produced a story immeasurably better than could have been produced by a use only of the actual facts of the life of Ira Hayes but plaintiff is estopped to say that the lifted episodes were not historical. Nor was their part in defendant Miller's production enough to convert it into a copy of plaintiff's literary treatment.

The motion for a preliminary injunction is denied.